A writ of error coram nobis is not a writ of right. Before it is allowed there must be an affidavit of some error in fact; by which, in case the fact to be assigned for error is true, the plaintiff's right of action will be destroyed. Birch v. Triste, 8 East, 415. The court, in this case, was of the opinion that the affidavits did not lay a sufficient foundation to authorize it to grant the writ. This opinion of the court was one of discretion upon the facts disclosed in the affidavits. As the affidavits did disclose probable grounds that Tyler was dead at the time the judgment was rendered, we think that the court might have allowed the writ of error, although it refused the supersedeas. For the question whether Tyler was dead or not at the time of the rendition of the judgment was not one for the court to decide definitively. If the writ had been granted upon the error assigned, the administrator of Tyler, when properly brought in, might have plead that Tyler was alive at the rendition of the judgment, and so have taken issue upon the fact assigned for error. This issue must have been tried by a jury and not by the court. 1 Archb. Prac. K. B., 276 to 281. A writ of error coram nobis is not asupersedeas in itself; it is or is not according to circumstances; and therefore execution cannot be sued out after the allowance of the writ of error without the leave of the court. I Archb. Prac., 277. And whether a supersedeas shall issue after the allowance of a writ of error, for error in fact, must depend on circumstances, to be adjudged of by the court. In this case the refusal of the Superior Court to grant the writ was founded in discretion arising upon the facts set forth in the affidavits. It has been repeatedly decided that the Supreme Court has not power to revise such a decision. The appeal, (627) therefore, must on this ground be dismissed.
PER CURIAM. Appeal dismissed.
Cited: Lynn v. Lowe, 88 N.C. 487. *Page 494