*394
 
 Ruffín, C.
 
 J.
 

 There is no doubt, that coverture in a defendant, at the time of the suit commenced, is error of fact, and it may ordinarily be corrected by writ of error
 
 cortan nobis Tidd’s. Pr
 
 1137. Perhaps that remedy might be used in this case. We will not say, it could not. But, owing to the peculiar nature of the proceed» ings, the question dors not. seem free of difficulty. For, while the writ would necessarily go to the County Court, it is obvious, that there was no error there, but that it was in the proceedings before the Justice out of Court. From him the case went to the County Court upon execution, and, of course, not open to defence. The Court might probably hear and decide in a summary way an allegation of payment since the judgment rendered, or that there was personal property, or the like. But certainly no defence could be made there, which the party might have made before the Justice, and therefore this disability could not have availed her in the County Court, and there was no error in affirming the judgment. But it may bo admitted, that a writ of error would lie in such a case. Yet we think
 
 the feme
 
 is entitled to the remedy by
 
 certiorari
 
 also, and, indeed, that is the more convenient method of proceeding, and the better, because it opens the case to a final determination on the merits. She is entitled to the
 
 certiorari,
 
 as an extension of the privilege of making defence and appealing, of which she was deprived by the creditor’s suing her and taking judgment, when she was under the incapacity of coverture, and could neither plead nor appeal. As our law intends that every person may have a trial
 
 denovo
 
 of the facts, unless the party gives up an appeal by his own
 
 laches,
 
 it is clear
 
 thefeme
 
 is in this case entitled, as if she had been
 
 sui juris
 
 and had appealed. The objection, that no defence was made upon the trial of the warrant is nothing, as'she could not defend. Besides, judgments by default are set aside upon
 
 certiorari,
 
 and the defendant allowed
 
 *395
 
 to plead upon showing merits and that the omission to appeal did not arise from
 
 laches, Dougan
 
 v.
 
 Arnold,
 
 4 Dev. 99 ; and there can be no clearer merits, than those of a woman, who has been prevailed on to execute a bond during coverture, whereby it is void. There is an attempt to answer that by bringing forward promises to pay the debt after the death of the husband. But they cannot have any effect; for they could not add any efficacy to the judgment, as one against her, and, as engagements to pay the debt of the husband, they were without consideration, and also void, because they were not in writing. The Court holds therefore, that the order dismissing the
 
 certiorari
 
 is erroneous, and that the party ought to be allowed to plead to the merits, and have a trial in the Superior Court.
 

 Per Curiam.
 

 Judgment accordingly.