Battle, J.
 

 The reasons which induced the Judge, in the Court below, to reject the application for the writ of error
 
 cor am
 
 nobis, are not stated, but in this Court, the objection to it is based upon two grounds:
 

 1st. That it ought to have been brought in the Superior Court and not in the County Coprt, and
 

 2ndly. That all the defendants, in the judgment, ought to have been parties in the petition for the writ. In our opinion neither ground of objection is tenable.
 

 1. The distinction between an ordinary writ of error and a writ of error
 
 coram nobis
 
 is, that the former is brought for a supposed error in law, apparent upon the record, and takes the case to a higher tribunal, where the question is to be decided and the judgment sentence or decree is to be affirmed or reversed ; while the latter is brought for an alleged error of fact, not appearing upon the record, and lies to the same court, in order that it may correct the error, which it is presumed would not have been committed, had the fact, in the first instance, been brought to its notice. A writ of error of this kind will lie to any court of record, and as our county courts are courts of record, 'We cannot conceive of a reason why one of them may not correct an error of fact in its judgment, upon a writ of error brought -before itself. See 2nd Tidd’s Practice, 1186, and
 
 Lassiter
 
 v. Harper, 10 Ire. 392.
 

 2. As to the second ground of objection; we are aware that
 
 *395
 
 an ordinary writ of error must be brought in the names of all the parties to the judgment, and if one or more of them be unwilling to join in it, there must be a summons and severance of such objecting party or parties;
 
 Walter
 
 v.
 
 Stokoe,
 
 1 Ld. Raymond, 71, Oarth. 8 ;
 
 Sharpe v. Jones,
 
 3 Murph. 306, Without stopping
 
 to
 
 enquire, whether this rule, in relation to writs of error for matter of law, may not be altered by an equitable construction of the 27th section of the 4th Chapter of the Revised Code, which gives to one or more defendants the right to appeal, alone, from a judgment against him or them and others, we do not find any direct authority that the rule ever has been applied to writs of error
 
 coram, nobis,
 
 and we do not perceive any reason why it should be so applied. The usual instances of error in fact, requiring the intervention of this writ, are those of judgments against infants and femes covert, where the fact of such infancy or coverture does not appear on the record. In such cases, it is manifest that the judgment, if otherwise proper, will be erroneous only as to them and not as to the other defendants. Why, then, should the other defendants be parties to the writ, when they cannot have any interest in reversing the judgment? We cannot perceive any necessity for it, and in our practice shall not require it. In the case of coverture, the husband must be joined with the wife, because she, as a general rule, cannot sue or prosecute any legal proceeding without him.
 

 Our conclusion is, that the order appealed from must be reversed; and this will be certified to the Superior Court, in order that a
 
 procedendo
 
 may be issued to the Coimty Court.
 

 Per Curiam,
 

 Judgment reversed.