ROBERTS & HOGE v. WILLIAM PARTRIDGE, et al.

*Practice—Appeal—Case on Appeal, Service of—Verbal Agreements of Counsel.*

1. The service of a case on appeal by counsel is a nullity unless the defective service be waived by agreement in writing or by conduct showing a waiver, such as by returning the appellant's case, with exceptions thereto, and without objecting to the defective service.

2. Alleged verbal agreements of counsel will not be considered.

3. Where appellant's counsel handed case on appeal to appellee's counsel, who did not accept service but returned the case with his exceptions to appellant's counsel, who rejected the counter case as not being returned in apt time, but neither sent the papers to the judge to settle the case nor caused his own case with appellee's exceptions to be certified to this Court; *Held*, that there is no valid case on appeal, and, there being no error apparent on the record, the judgment below will be affirmed.

· CIVIL ACTION, tried at February Term, 1895, of GUILFORD Superior Court, before *Greene, J.*, and a jury. There was judgment for the defendants and plaintiffs appealed. Within the time for serving case on appeal, appellants' counsel prepared and handed to appellee's counsel his statement of case on appeal, on back of which was endorsed, "Case on appeal served on Dillard & King, attorneys for Evitt & Bro., by leaving same with said attorneys, March 30, 1895, (signed,) John A. Barringer, plaintiffs' attorney."

The service was not accepted by appellee's counsel, though appellants' counsel alleges that he was given to understand that service would be accepted. This, however, is denied by appellee's counsel. The latter retained the case until 3rd June, 1895, when he handed it, with his exceptions to the case, to appellants' counsel who immediately returned the counter-case with the following endorsement: "Received on this 3rd day of June, 1895, by being delivered to me as attorney for Roberts & Hoge, and returned same day to R. R. King as not having been served within time allowed. (Signed) John A. Barringer, attorney for Roberts & Hoge."

Appellants' case, with the exceptions of appellee, was not sent to the judge for settlement.

In this Court the appellee moved for affirmance of the judgment below on the ground that no case on appeal had been served on defendant.

In his affidavit appellants' counsel says plaintiffs' counsel was under the impression that the defendants' attorney had accepted the case of plaintiffs' and insists that by his conduct the defendants' attorney has misled the plaintiffs and has approved of the said case on appeal, and is now estopped from denying that it is the case on appeal. The judge had left the district and gone home.

*Messrs. Shepherd & Busbee,* for defendants (appellees). No counsel, *contra.*

CLARK, J. : The facts as to service of the case on appeal are very similar to those in the recent cases of *Cummings* v. *Hoffman,* 113 N. C., 267, and *Lyman* v. *Ramseur, Ibid.,* 503. The attempted service of the appellant's case on appeal by counsel was a nullity. *State* v. *Price,* 110 N. C., 599. The affidavit of the appellant's counsel that the defendant's counsel verbally agreed to accept service is

denied by the latter and cannot be considered. Rule 39 of this Court and numerous cases cited in Clark's Code, (2nd Ed..) 704, and in the supplement to the same, p. 103. The return of the appellants' case by the appellee with exceptions thereto, if in apt time and without object'ng to the defective service thereof, might have been deemed a waiver, and in such case the appellant, not having sent the papers to the judge to settle the case on disagreement, would be taken to have accepted the appellee's amendments, (*Lyman* v. *Ramseur*, *supra*,) and the case on appeal would be the appellants' statement as amended by the appellee's exceptions. *Jones* v. *Call*, 93 N. C., 170; *Owens* v. *Phelps*, 92 N C., 231. But the appellants' counsel rejected the appellee's counter-case, as he had a right to do, on the ground that it was returned too late and neither sent the papers to the judge to settle the case nor caused his own case, as amended by the appellee's exceptions, to be certified to this Court. Consequently there is no valid case on appeal before us, and the judgment must be affirmed unless error appears upon the face of the record proper, (*Lyman* v. *Ramseur*, *supra*,) and no error appearing therein the judgment below is affirmed.

Affirmed.