In re TAYLOR (STATE v. TAYLOR).

(Filed 16 June, 1949.)

**1. Criminal Law § 57d—**

The common law writ of error *coram nobis* to challenge the validity of petitioner's conviction for matters extraneous the record, is available under our procedure. G.S. 4-1.

**2. Same: Constitutional Law § 10d—**

The Supreme Court, in its supervisory power, has authority to entertain an application for permission to apply to the Superior Court for a writ of error *coram nobis*. Constitution of N. C., Art. IV, sec. 8.

**3. Constitutional Law § 34d—**

The appointment of counsel for a defendant charged with felonies less than capital is within the discretion of the trial court; but in prosecutions for capital offenses the appointment of counsel is mandatory. G.S. 15-4.

**4. Criminal Law § 57d: Constitutional Law § 10d—**

Where verified petition for leave to apply to the Superior Court for writ of error *coram nobis*, the record in the cases in which petitioner was convicted, and *habeas corpus* proceedings instituted by him, make it appear that petitioner was confronted with indictments for capital offenses and indictments for felonies less than capital, and that the trial court failed to appoint counsel to represent him notwithstanding his alleged inability to employ counsel and his request for counsel, the petition will be allowed in respect of the capital felonies and denied in respect of the felonies less than capital upon such *prima facie* showing.

**5. Same—**

Upon application to the Supreme Court for leave to apply to the Superior Court for writ of error *coram nobis*, the application will be allowed upon a *prima facie* showing, but the ultimate merits of petitioner's claim are for the trial court.

**6. Criminal Law § 57d—**

If the trial court denies petitioner's application for writ of error *coram nobis* it should find the facts, and petitioner should be returned to prison and be allowed to appeal as in other proceedings; if it grants the petition, the judgments should be vacated, the pleas stricken out or permitted to be withdrawn, and the cases restored to the docket for trial in accordance with law.

ORIGINAL application by Laurie D. Taylor, Jr., for leave to apply to the Superior Court of Pitt County for relief from judgments alleged to have been induced by factual and constitutional defects at the January Term, 1947.

Following the disposition of application for writ of *certiorari* to review judgment on *habeas corpus* at the Fall Term, 1948, reported in 229 N.C. 297, 49 S.E. 2d 749, the petitioner of his own volition and *inops consilii,* applied to the District Court of the United States for the Eastern District of North Carolina for writ of *habeas corpus* to test the legality of his imprisonment. The Federal Court dismissed his petition on the ground that the petitioner had not exhausted his State remedies. Again of his own volition and *inops consilii,* he filed application here for leave to apply to the Superior Court of Pitt County for writes of error *coram*

*nobis* to determine the lawfulness of his present incarceration. The court referred his unverified application to J. C. B. Ehringhous, Jr., Esquire, of the Raleigh Bar, and requested that he again counsel with the petitioner and advise him of his rights. As a result, the applicant has verified his petition and insists upon its being granted. This is the course which he elected not to pursue at the last term as will appear from the reported case. He has now changed his mind in respect of the matter, or perhaps time and what he regards as a more propitious circumstance have changed it for him.

The substance of the petition is that at the January Term, 1947, Pitt Superior Court, the petitioner, then a minor, eighteen years of age, without legal knowledge or training and inexperienced in court procedure, was required to plead to three indictments charging him with burglary in the first degree and four indictments charging him with housebreaking and larceny; that before entering pleas to the indictments the petitioner informed the trial court that he was unable to employ counsel and requested the court to appoint counsel to advise with him and to protect his rights, but no counsel was appointed to represent him at the time; that the petitioner being apprehensive of the consequences that might result to him from a public hearing of the offenses which were alleged to have occurred only a few weeks prior thereto, entered pleas of guilty to the indictments for housebreaking and larceny, and tendered pleas of guilty of burglary in the second degree on the capital charges which were accepted by the solicitor; that the petitioner was thereupon sentenced to life imprisonment on each of the burglary indictments and to ten years in prison on each of the housebreaking and larceny charges, the sentences in all of the cases to run concurrently, and that the petitioner is now serving his sentences in the Central Prison at Raleigh.

It is further submitted that the disposition of the charges against the petitioner, especially the capital ones, without affording him the advice and assistance of counsel, was in violation of his constitutional and statutory rights.

Answering the allegations of the petition, the Director of Prisons of the North Carolina Highway and Public Works Commission, concedes that the petitioner is being held in the Central Prison at Raleigh on seven commitments, three for life and four for ten years each, all running concurrently. He further alleges that while the petitioner may have been a minor at the time of his hearing in Pitt Superior Court, he looks and acts the part of an adult; that he is at least twenty years of age, or thereabout, self-willed, familiar with the courts, and no stranger to the ways of crime, especially those of burglary, housebreaking and larceny; that respondent is informed, and the records in subsequent proceedings indicate, the petitioner was fully acquainted with the charges against

him, and his pleas were tendered and accepted only after careful consideration and counseling on the part of the trial court.

The respondent further points out that at least in the four non-capital indictments, the appointment of counsel for the accused was a matter resting in the sound discretion of the trial court. Wherefore, he suggests the propriety of dismissing the petition, certainly in respect of these indictments.

*J. C. B. Ehringhaus, Jr. (by Court appointment) for petitioner.*

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*R. Brookes Peters for State Highway and Public Works Commission.*

STACY, C. J.  The question posed is the sufficiency of the application and showing for permission to apply for writs of error *coram nobis.* The record suggests a limited allowance.

The writ of error *coram nobis* is an established common-law writ. 24 C.J.S. 143 *et seq.* It is therefore available under our procedure in a case like the present. G.S. 4-1; *In re Taylor,* 229 N.C. 297, 49 S.E. 2d 749; *Roughton v. Brown,* 53 N.C. 393; *Williams v. Edwards,* 34 N.C. 118; *Lassiter v. Harper,* 32 N.C. 392; *Tyler v. Morris,* 20 N.C. 625. See *Massie v. Hainey,* 165 N.C. 174, 81 S.E. 135; *Roberts v. Pratt,* 152 N.C. 731, 68 S.E. 240; 27 N.C.L. 254; also *Young v. Ragen,* ...... U.S. ... , 69 S. Ct. 1073, decided June 6, 1949. The instant application for permission to apply to the trial court for relief is addressed to the supervisory authority of this Court over "proceedings of the inferior courts" of the State. Const. Art. IV, Sec. 8; *S. v. Lawrence,* 81 N.C. 522; *S. v. Green,* 85 N.C. 600. See, also, note to *Halford v. Alexander,* 46 Am. Dec. 253-257.

The gravamen of the petition is the factual allegation, extraneous of the record, that the petitioner was unable to employ counsel, and notwithstanding his manifest inability to safeguard his rights and his request for counselor aid, the court failed to appoint counsel to represent him. In addition to the four charges of housebreaking and larceny—serious felonies within themselves, though less than capital—the petitioner was faced with three capital indictments of burglary in the first degree. G.S. 14-51.

Ordinarily, the appointment of counsel to represent the accused in cases less than capital is discretionary with the trial court. *In re Taylor,* 229 N.C. 297, 49 S.E. 2d 749; *S. v. Hedgebeth,* 228 N.C. 259, 45 S.E. 2d 563. See *Gibbs v. Burke,* ...... U.S. ...., 69 S. Ct. 1247, decided 27 June, 1949; *Uveges v. Pa.,* 335 U.S. 437. It is otherwise, however, in capital cases. G.S. 15-4; *S. v. Farrell,* 223 N.C. 321, 26 S.E. 2d 322; *Powell v. Alabama,* 287 U.S. 45, 77 L. Ed. 158, 84 A.L.R. 527.

The petitioner offers in support of his allegations his own verification and the record in the cases, together with the record in the *habeas corpus* proceedings. These suffice, we think, to make a *prima facie* showing of substantiality. The ultimate merits of the petitioner's claim are not for us, but for the trial court. His petition for leave to apply to the Superior Court of Pitt County for the relief which he seeks will be granted in respect of the capital indictments. *Ex parte Taylor,* 249 Ala. 667, 32 So. 2d 659; *S. c.* (sub. nom.) *Taylor v. Alabama,* 335 U.S. 252; *Hysler v. Florida,* 146 Fla. 593,, 1 So. 2d 628; *S. c.,* 315 U.S. 411, 86 L. Ed. 932. See *Nickels v. State,* 86 Fla. 208, 98 So. 502, as closely parallel in factual situation, and *Chambers v. State,* 117 Fla. 642, 158 So. 153, on procedure. No sufficient showing has been made to warrant the granting of his application in respect of the non-capital indictments.

The prison authorities will afford the petitioner an opportunity to appear at the next term of the Superior Court of Pitt County to be held for the trial of criminal cases, so that he may apply for writs of error *coram nobis* in respect of the three capital indictments as sought in his petition. Before entertaining his application, however, the trial court will see to it that the petitioner is represented by counsel, either of his own choosing and employment, or by appointment of the court. If under the advice of counsel, the petitioner elect to proceed further, the court will entertain his application and make decision thereon. If the application be denied, findings of fact should be made as a basis therefor, the petitioner returned to the Central Prison, and allowed to appeal as in other proceedings.

If the application be granted, the judgments should be vacated, the pleas stricken out or permitted to be withdrawn, and the cases restored to the docket for trial In this latter event, the petitioner will be afforded an opportunity to confer with counsel, prepare his defense, and appear at his trial.

Mr. Ehringhaus is relieved of any further duty under his appointment here. He has secured for the petitioner the privilege of applying to the trial court for part of the relief which he desires, and which he may there seek.

Petition allowed in part.