### STATE v. BENNIE DANIELS AND LLOYD RAY DANIELS.

(Filed 2 November, 1949.)

**1. Criminal Law § 73a—**

It is the sole responsibility of defendant's counsel to make out and serve statement of case on appeal within the time allowed and they are charged with knowledge of the procedure to be followed and with knowledge of the necessity of filing same within the time prescribed and the consequences of failure to do so.

**2. Same—**

Service of statement of case on appeal may be made by a proper officer by leaving a copy thereof in the office of the solicitor, G.S. 1-282. The Supreme Court will take judicial notice that a solicitor is perforce absent from his office much of the time in the prosecution of the docket in the various counties of his district, hence the liberal method of service permitted under the statute.

**3. Same—**

The rules relating to the time of service of statement of case on appeal are mandatory and not directive.

**4. Criminal Law § 76a—**

Where, upon defendants' petition for *certiorari*, it does not appear that delay of the court reporter or the voluminousness of the record presented insurmountable difficulties to serving case on appeal within the time allowed, but to the contrary, that case on appeal was ready for service within the time allowed and could have been served by a proper officer by leaving a copy in the office of the solicitor, defendants' petition for *certiorari* will be denied. The press of other duties upon defendants' counsel will not excuse failure to serve statement of case on appeal in time.

**5. Criminal Law § 57d—**

The common law writ of error *coram nobis* is available to a defendant to challenge the constitutionality of conviction for matters extraneous the record, G.S. 4-1.

**6. Same—**

Application for permission to apply for a writ of error *coram nobis* must be made to the Supreme Court, where it will be allowed upon a *prima facie* showing of substance, leaving the ultimate merits of the petition for the determination of the trial court, with the right of petitioner to appeal from an adverse ruling. N. C. Constitution, Art. IV, sec. 8.

AT May Term, 1949, of the Superior Court of Pitt County, the defendants were tried and convicted of first degree murder, without recommendation of mercy, and were sentenced to death. Judgment was pronounced on June 6, 1949, on which day the court adjourned. The defendants were allowed 60 days from that date in which to make out and serve case on appeal, and the State was allowed 30 days thereafter to serve countercase or exceptions.

The defendants did not serve their case within the time allowed; but on August 6 left a copy thereof at the office of the Solicitor of the district. No extension or waiver of time to serve the statement of case on appeal other than that contained in the appeal entries was made, and none was requested. The Solicitor, however, served amendments and exceptions to the defendants' statement and caused the same to be served on an attorney for the defendants, making, however, the following reservations:

"The undersigned Solicitor of the Fifth Judicial District, not waiving any rights, and specifically reserving and now reasserting exception by the State to the failure of the defendants to serve Statement of Case on Appeal within the time fixed by the Court, and renewing its motion to strike the said Statement of Case on Appeal from the record, objects to the Statement of Case on Appeal as left at the Solicitor's office and offers the following exceptions or amendments thereto."

The Solicitor filed a written motion to strike out the statement of case on appeal for failure of defendants to make up and serve the same within the time fixed by the court, serving notice of the motion on Herman L. Taylor, attorney for the defendants.

On the hearing defendants' attorney admitted that the statement of case on appeal was left in the Solicitor's office with his secretary on August 6, 1949, and that the attempted service was not within the 60 days fixed by the court. G.S. 1-282.

At the hearing, October 1, 1949, Judge Williams, finding these facts, allowed the motion and struck out defendants' statement of case on appeal.

The defendants have filed in this Court two petitions for *certiorari:* One on September 27, 1949, before the order of Judge Williams above recited; the other on October 10, 1949, after that event. Both are of the same import, and they may be considered here as one petition. For

convenience, any reference to the "petition" will be understood as imply-
ing both.   The petitions are as follows:

"Bennie Daniels and Lloyd Ray Daniels, petitioners, respectfully
show unto the court:

"1. That at the March, 1949 Term of the Superior Court of Pitt
County, North Carolina, that petitioners were indicted for the crime
of first-degree murder.

"2. That at the May 30, 1949 Term of said court petitioners were
tried upon said bill of indictment and convicted of the capital crime
of first-degree murder without recommendation of mercy.

"3. That from the judgment of death pronounced by His Honor
Clawson L. Williams, Judge Presiding, petitioners, with the allow-
ance of the Court appealed *in forma pauperis* to the Supreme Court
of North Carolina.

"4. That the said May 30, 1949 term of the said court, at which
petitioners were tried and convicted, was duly convened on the said
30th day of May, 1949, and the judgment of the Court was pro-
nounced on June 6, 1949.

"5. That the defendants were allowed sixty (60) days from the
date of the judgment in which to make out and serve case on appeal
upon the Solicitor of the Fifth Judicial District, and the Solicitor
was allowed thirty (30) days after such service to serve counter-case,
or exceptions thereto.

"6. That some forty-five (45) or fifty (50) days elapsed before
the court reporter attendant upon the said May 30, 1949 Term of
the aforesaid court, at which petitioners were tried and convicted, due
to her attendance at and upon other courts, delivered into the hands
of the attorneys for petitioners the full and complete record of the
proceedings had in said trial.

"7. That the record in the cause covers some four (4) volumes,
consisting of some five or six hundred pages.

"8. That counsel for petitioners, with all of the diligent efforts
they could bring to bear, being under the pressure of other cases,
both before this Court and pending in other inferior courts, as well
as being retarded in the effort by the lateness of receipt of the com-
plete record in the cause from the Court Stenographer, as afore-
mentioned, served statement of case on appeal upon the Solicitor on
the 6th day of August, 1949; that within thirty (30) days thereafter,
the Solicitor filed some 132 exceptions to the case on appeal in addi-
tion to a motion to strike same; that because of the filing of said
exceptions and motion, it will be necessary for counsel for defendants
and the Solicitor to meet with the Presiding Judge for a ruling on

said exceptions and motion; that the aforementioned hearing will carry the settlement in this cause well beyond the date on which, under the rules of this Court, said cause should be docketed.

"9. That cases from the Fifth Judicial District must be docketed in this Court on Tuesday, September 27, 1949.

"10. That the inability to docket said cause within the time prescribed is not due to any lack of diligence or good faith on the part of any of the parties herein involved, but to the reasons previously set out.

"11. That petitioner has caused to be docketed in the office of the Clerk of the Supreme Court of North Carolina contemporaneously with the filing of this petition the record prepared in this case as the same appears on the record in the office of the Clerk of Superior Court of Pitt County, North Carolina, properly certified to by said clerk.

"12. That petitioner has a meritorious appeal, based upon prejudicial errors committed by the Court during the course of his trial, in particular, (1) in denying petitioner's motion challenging the array of petit jurors, timely lodged, upon the ground of systematic discrimination against, and disproportionate representation of, Negroes in the selection of petit juries and jurors in Pitt County, solely and wholly on the basis of race or color, your petitioner being of the Negro race; and (2) in admitting into evidence, over petitioners' objection, confessions which the record shows were extorted through fear and were involuntarily made.

"WHEREFORE, petitioners pray that in order that they may be protected, the Court issue to the Clerk of the Superior Court of Pitt County, North Carolina, a writ of *certiorari,* to the end that the record and the case on appeal in its entirety be certified to the Supreme Court of North Carolina, and that this cause be docketed and set by the Court for hearing at the end of the call of the calendar for the hearing of appeals from some other Judicial District other than the Fifth Judicial District."

"Now come Bennie Daniels and Lloyd Ray Daniels, petitioners, through their attorneys, Herman L. Taylor and C. J. Gates, and respectfully show unto the Court:

"1. That on the 27th day of September, 1949, petitioners filed in this Court a petition for writ of *certiorari,* praying the Court that they be allowed to docket the appeal which they duly noted at the May 30, 1949 term of the Superior Court of Pitt County, from a judgment and sentence of death for first-degree murder, at a time other than that set for the docketing of appeals from the Fifth Judicial District, upon the ground that as the case on appeal in their

cause had not been settled, they could not docket said case as required by the rules of this Court.

"2. That in the said petition for *certiorari,* petitioners set out in paragraph eight thereof that an additional factor which precluded the timely docketing of their appeal was the filing by the Solicitor of a motion to strike the statement of case on appeal, in addition to numerous exceptions thereto, the hearing on which was set for a time subsequent to the day on which this appeal should have been docketed under rules of this Court.

"3. That on Thursday, September 29, 1949, a hearing was held in the Superior Court of Lenoir County before the Honorable Clawson J. Williams, Judge, who presided over the trial of this cause, on the motion of the Solicitor to strike defendants' statement of case on appeal, for that the same was not served within the time set by the order of the court, entered on the day the appeal was noted, but was one day late, to wit, defendants had sixty days from June 6th in which to prepare and serve case on appeal, and said service was attempted on August 6th.

"4. That His Honor Clawson L. Williams, on the last day of October, 1949, issued an order allowing the motion of the Solicitor to strike defendants' statement of case on appeal and ordered same to be stricken.

"5. That a detailed affidavit of one of counsel for defendants, attached hereto and prayed to be made a part hereof, sets out that personal service of the statement of case on appeal was not had and could not be had on the Solicitor of the Fifth Judicial District on the day on which time for serving case on appeal expired, for that the said Solicitor was neither in his office nor at home, but was out of town and was not expected back before three days after the deadline for serving case on appeal; that counsel for defendants did not know of the whereabouts of the Solicitor or how to contact him with respect to serving case on appeal.

"6. That defendants' failure to perfect their appeal, as set out in the affidavit of counsel, was not and is not due to any laches on the part of them or their counsel.

"7. That the trial Judge having allowed the striking of defendants' statement of case on appeal, petitioners have no other remedy whereby their cause may be brought before this Court except by the granting of the writ herein prayed for.

"8. That as specifically pointed out in the petition filed in this Court on the 27th day of September, 1949, to which this petition is a supplement, petitioners have a meritorious appeal, based upon

prejudicial errors committed by the court during the trial of their cause.

"WHEREFORE, petitioners pray the Court that in order that they may be fully protected in their life and limbs that the writ herein prayed for be allowed and that they be given leave to bring their said cause before this Court upon *certiorari*.

"This 10th day of October, 1949."

A supporting affidavit of Herman L. Taylor, attorney for the defendants, is as follows:

"Herman L. Taylor, being first duly sworn, deposes and says: that he is a practicing attorney in the courts of the State of North Carolina; that he is one of the counsel of record for the defendants in the above entitled matter; that as such he has been in charge of the preparation of defendants' case on appeal, in particular, the preparation and service of statement of case on appeal in the above entitled matter;

"That on the 6th day of June, 1949, a judgment of death by asphyxiation was rendered against the defendants, upon a verdict of guilty of first-degree murder; that from said judgment defendants noted an appeal to this Court and were allowed sixty (60) days in which to make out and serve statement of case on appeal upon the solicitor of the Fifth Judicial District; that some fifty (50) or fifty-one (51) days, out of the sixty (60) days allowed defendants in which to prepare statement of case on appeal, passed before counsel for defendants received the full and complete record in this cause; that the record in this cause comprises some four volumes, consisting of some 500 or more pages; that approximately one month passed before counsel for defendants received even the first volume of said record, consisting of some 300 or more pages, as is evidenced by a letter of the stenographer attendant upon the term of court at which defendants were convicted and sentenced, a copy of which letter is hereto attached;

"That despite the delay in receipt of the record in this cause, counsel for defendants made all diligent efforts to prepare statement of case on appeal within the time prescribed by the order of the court; that although the last volume of the record on appeal was received only about one week prior to the expiration of the time for service of statement of case on appeal, counsel for defendants, by the exertion of diligent and painstaking efforts, completed preparation of the said statement of case on appeal in the afternoon of Thursday, August 4th, one day prior to the deadline; that on the morning of Friday, August 5, 1949, the last day on which service of statement

of case on appeal could have been made, under the order of the court setting time for service of statement of case on appeal, he, Herman L. Taylor, telephoned the office of the Honorable William J. Bundy, Solicitor, in Greenville, North Carolina, from Fayetteville, North Carolina, where he was engaged in another matter, attempting to contact him with respect to service of case on appeal in this matter; that upon being told by the telephone operator that the Solicitor was not in his office, he talked to Mrs. M. W. Fields, secretary in the office of the Solicitor; that the said Mrs. M. W. Fields stated to him that the Solicitor was not in his office, was not at home, that he was out of town and could not be reached until he returned to his office on Monday morning, August 8th; that in default of being able to contact the Solicitor in person, on Saturday morning, August 6th, he left a copy of the statement of case on appeal at the office of the Solicitor with his secretary and received in return a signed statement of acceptance of said statement of case on appeal by the said Mrs. M. W. Fields, on behalf of the Solicitor, a copy of which acceptance is attached hereto;

"That at the hearing before His Honor Clawson L. Williams, held by agreement, in Kinston, North Carolina, on Thursday, September 29th, the Honorable Solicitor admitted that he had forgotten that service of statement of case on appeal in the above entitled matter was due to be made during the week of August 1st, and further admitted that he and his family were at a beach on the morning of Friday, August 5th, when counsel for defendants attempted to contact him by telephone and that he did not return to Greenville until Sunday evening, August 7th, and to his office until Monday, August 8th."

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Herman L. Taylor and C. J. Gates for defendants, petitioners.*

SEAWELL, J. The fact that the defendants, convicted of a capital offense, have been, since the pronouncement of judgment, under sentence of death should inspire in all persons concerned in the further administration of justice the most careful attention to the duties resting upon them. But especially it should admonish those upon whom, by reason of their special relation to the defendants as attorneys, and who are also officers of the court, to exercise the utmost diligence in the performance of those duties, which are essential to appellate review, the making out and serving within the allotted time defendants' case on appeal, for which they are solely responsible. As practicing lawyers they are presumed to know this

necessity and the consequence of inattention or failure; and they are charged with the knowledge of the procedure to be followed.

The affidavit of the attorney now pressing for *certiorari* pleads, as excusing the delay, a great press of business in the courts and elsewhere on other matters; that the stenographer's transcript of the trial contained 500 pages or more; that only the first volume, containing 365 pages, was received near the end of the first month; and the final 150 pages, more or less, was received a week before the time allotted for service expired. He adds that, by great diligence, the case on appeal had been completed and was ready for service on the afternoon of the last day of the period during which legal service could be made. The attorney then undertook to locate the Solicitor for the purpose of making personal service on him, and on being informed that he was not in his office went no further in his attempted service until the time had expired. He then attempted service by leaving a copy of the statement of the case on appeal at the office of the Solicitor. That method of service is authorized by the statute and would have been good if made in time by a proper officer. *Cummings v. Hoffman,* 113 N.C. 267, 18 S.E. 170; *Roberts v. Partridge,* 118 N.C. 355, 24 S.E. 15; *McNeill v. Raleigh, etc., Ry. Co.,* 117 N.C. 642, 23 S.E. 268.

The attorneys for petitioners were not impeded or delayed by the absence of the Solicitor. The Court will take judicial notice of the fact that he is absent from his office much of the time in prosecution of the docket in various counties of his district, hence the liberal method of service prescribed by the statute.

What pressing duties the attorneys may have had in other matters, and other places, and the priority given them we need not inquire; but we can think of nothing more important and more pressing at this time than attention to the clients' appeal.

As to the voluminous character of the record, and the manner of dealing with it, we do not think that it presented an insurmountable obstacle to timely service, or one which the diligence demanded of the attorneys might not have overcome; or that service in the manner required by law might not have been made after the case admittedly was complete.

Rules requiring service to be made of case on appeal within the allotted time are mandatory, not directive. *S. v. Moore,* 210 N.C. 686, 188 S.E. 421; *S. v. Lampkin,* 227 N.C. 620, 44 S.E. 2d 30; *S. v. Nash,* 226 N.C. 608, 30 S.E. 2d 596; *S. v. Watson,* 208 N.C. 70, 179 S.E. 455.

The petitioners aver that they have a meritorious defense. The Court is interested in that, of course. But the merit which excuses nonperformance of the specific duty under discussion does not lie in the soundness of the exceptions taken on the trial, but rather in the circumstances which render performance impossible or impractical.

The petition must be denied.

The gravamen of the present challenge to the validity of the trial is found in the two objections referred to in the petition: The alleged systematic exclusion of members of the Negro race from the jury lists of Pitt County and the consequent absence of Negroes from the panel which tried them; the admission in evidence of confessions of guilt by the accused which confessions they contend were not voluntary but were procured by illegal means.

Both these objections involve questions of invasion of constitutional rights which, in the instant case, can be presented only through matter extraneous to the record. Ordinarily in this situation resort may be had to writs of error *coram nobis.*

The common law writ of error *coram nobis* has been recognized and used in this State in similar situations from early times and is in common use elsewhere. Its authority here is referred to the statute G.S. 4-1, which adopts the common law as the law of this State when not modified,—with exceptions not applicable to this case,—and to the State Constitution, Article IV, Section 8, which gives this Court authority to exercise supervision over the inferior courts of the State. Authority for the writ, its nature and limitations, occasion for its exercise and relevant procedure are dealt with in the following cases and authorities: *In re Taylor,* 230 N.C. 566; *In re Taylor,* 229 N.C. 297, 49 S.E. 2d 749; *Roughton v. Brown,* 53 N.C. 393; *Lassiter v. Harper,* 32 N.C. 392; *Tyler v. Morris,* 20 N.C. 625; *Berry v. State,* 22 Ind. 294, 173 N.E. 705, 72 A.L.R. 117; 3 Am. Jur., p. 766, sec. 1276; see also, *Hysler v. Fla.,* 315 U.S. 411; *Taylor v. Ala.,* 335 U.S. 252, 92 L. Ed. 1935, (anno., p. 1936). The writ of error *coram nobis* can only be granted in the court where the judgment was rendered. *Ernst. v. State,* 179 Wis. 646, 192 N.W. 65, 30 A.L.R. 681, headnote 5; *Roughton v. Brown, supra;* 3 Am. Jur., *supra,* sec. 1276.

Since here the authority for the writ stems from the supervisory power given the Supreme Court in the section of the Constitution cited, it is necessary that an application be made to this Court for permission to apply for the writ to the Superior Court in which the case was tried. *In re Taylor (supra),* 230 N.C. 566, 569. It is granted here only upon a "*prima facie* showing of substantiality," and it is observed in the *Taylor* case last cited, "The ultimate merits of the petitioner's claim are not for us but for the trial court."

On consideration in the trial court, if the decision is adverse to the petitioners, the court will find the facts, and an appeal to this Court will lie as in other cases.

A full consideration of the nature and limitations of the writ and relevant procedure may be found in *In re Taylor,* 230 N.C. 566, and *In re Taylor,* 229 N.C. 297, both *supra.*

The space given to this somewhat incidental discussion is justified, we think, by the desire to make it clear to the petitioners that the writ of error *coram nobis* is available to them only if they can bring themselves within the purview of such a writ.

The petition for *certiorari* is denied.