### STATE v. BENNIE DANIELS and LLOYD RAY DANIELS.

(Filed 14 December, 1949.)

**Criminal Law § 82—**

> Petition in the Supreme Court for permission to apply to the Superior Court for a writ of error *coram nobis* must make out a *prima facie* showing of substance.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Herman L. Taylor for defendants, petitioners.*

PER CURIAM. The defendants were tried at March Term, 1949, of the Superior Court of Pitt County, convicted of first degree murder, the jury not recommending mercy, were sentenced to death, and appealed. Counsel for defendants, having failed to serve case on appeal within the time allowed, sought by *certiorari* to have the appeal sent up. *Certiorari* was denied, defendants not having shown sufficient grounds therefor under the rules and practice of the Court. *S. v. Daniels, ante,* 17; *In re Taylor,* 230 N.C. 566; *In re Taylor,* 229 N.C. 297, 49 S.E. 2d 749, q.v.

Counsel for petitioners were advised, however, that petition might be filed here for permission to apply to the Superior Court of Pitt County, where the cause was tried, for a writ of error *coram nobis,* through which, if allowed there, they might be heard on the main features on which they asked for relief, which included matters *dehors* the record, and that appeal would lie to the Supreme Court in the event of its unfavorable action. *S. v. Daniels, supra; In re Taylor* (230 N.C.), *supra; In re Taylor* (229 N.C.), *supra.*

The defendants now file a petition for permission to apply to the Superior Court for such a writ. Their petition does not make a *prima facie* showing of substance which is necessary to bring themselves within the purview of the writ. Citations, *supra.*

The petition is insufficient to justify the Court in issuing the writ and instigating the incident procedure in the court below. *S. v. Daniels, supra; In re Taylor* (229 N.C.), *supra.*

The petition is, therefore, denied.