### STATE v. BENNIE DANIELS AND LLOYD RAY DANIELS.

(Filed 24 May, 1950.)

**1. Criminal Law § 57d—**

The writ of error *coram nobis* obtains in this State only by virtue of the common law and is attended with its common law limitations.

**2. Same—**

The writ of error *coram nobis* is not a substitute for appeal and will lie only for matters extraneous to the record.

PETITION for Writ of Error *Coram Nobis.*

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Herman L. Taylor for defendants, petitioners.*

PER CURIAM. The petitioners, Bennie Daniels and Lloyd Ray Daniels, were tried at May Term, 1949, of Pitt County Superior Court on an indictment charging them with the murder of William Benjamin O'Neal, and were convicted of murder in the first degree, without recommendation of mercy, and were sentenced to death. From this judgment they gave notice of appeal to the Supreme Court of North Carolina, and an order was made permitting them to appeal *in forma pauperis.* Not having per-

fected that appeal by serving case on appeal within the time allowed, they petitioned this Court for a writ of *certiorari* to bring up the case on appeal, which writ was denied for want of merit.  *S. v. Daniels,* 231 N.C. 17.

They then filed in this Court a petition for permission to file in the court of trial, to wit, the Superior Court of Pitt County, a writ of error *coram nobis.* This petition was denied for want of substantial merit, and because it failed to bring the application within the purview of such a writ. *S. v. Daniels,* 231 N.C. 341.

On motion of the Attorney-General the appeal of defendants was dismissed by this Court in decision filed 1 March, 1950. *S. v. Daniels,* 231 N.C. 509.

The present petitioners thereupon filed in the Supreme Court of the United States a petition for *certiorari* to have the matter reviewed in that Court, and proceedings here were stayed by order of *Chief Justice Stacy,* pending action upon said petition.

On 8 May, 1950, the Supreme Court of the United States denied the petition without opinion, and this denial has been duly certified to this Court.

The petitioners now again petition this Court for leave to file a petition in the Superior Court of Pitt County for a writ of error *coram nobis;* and incorporate in that petition substantially matters that were presented to the Supreme Court of the United States in their petition to that Court for *certiorari.* On the face of the petition it appears that these are matters fully presented to the Court upon their trial and there passed upon.

The function and limitations of the writ of error *coram nobis* were called to the attention of counsel for the petitioners when the petition for *certiorari* to bring up the case on appeal was dismissed in this Court. *S. v. Daniels,* 231 N.C. 17, *supra;* and again in the subsequent decision dismissing the petition for leave to file a petition for such writ in the trial court.

The writ of error *coram nobis* obtains in this Court only by virtue of adoption of the common law; *In re Taylor,* 229 N.C. 297; *In re Taylor,* 230 N.C. 566, *supra; S. v. Daniels,* 231 N.C. 17, *supra;* and is attended with its common law limitations.

The writ of error *coram nobis* is not a substitute for appeal.  Under our practice permission to petition the Superior Court in which the petitioning defendant was tried is given only when the matter on which the petition is based is "extraneous to the record." *S. v. Taylor,* 229 N.C. 297, 49 S.E. 2d 749; *In re Taylor,* 230 N.C. 566; 63 Am. Jur., p. 766, Sec. 1276; 4 C.J.S., Sec. 9.

We understand that the petition for *certiorari* presented to the Supreme Court of the United States comprehended all matters which might be pleaded in that Court in the premises, and upon which the petitioners may now rely.

The petition is denied.

Petition denied.