For reasons stated, I vote for a new trial.

---

### STATE v. JOHN L. CRUSE.

(Filed 12 June, 1953.)

**1. Criminal Law § 87—**

The Post-Conviction Hearing Act provides a remedy by which a person convicted of crime may present for adjudication whether in the trial resulting in his conviction he was deprived of substantial constitutional rights which were not asserted during the trial because of factors beyond his control, but the Act is not a substitute for appeal, and a party is not entitled to assert as grounds for relief under the Act alleged errors in the admission or exclusion of evidence, rulings on motions, or other matters relating to procedure. G.S. 15-218.

**2. Criminal Law § 90—**

Upon petition under the Post-Conviction Hearing Act, the findings of fact of the trial court, when supported by competent evidence, are binding upon the Supreme Court upon review by *certiorari.*

**3. Criminal Law § 89—**

The failure to report the charge of the court cannot be made the basis for relief under the Post-Conviction Hearing Act, since in such instance the presumption is that the trial court charged the jury properly as to the law applicable to all phases of the evidence.

**4. Constitutional Law § 31b—**

In a prosecution for a felony less than capital, it is not incumbent upon the court to assign defendant counsel in the absence of a request unless there are exceptional circumstances which make it apparent that representation by counsel is necessary to insure defendant a fair trial. Constitution of N. C., Art. I, Sec. 11.

**5. Same: Criminal Law § 89—**

Where it appears that defendant was a man thirty-nine years old at the time of his trial for a felony less than capital, that he had completed six grades in school, and had had repeated experience as a defendant in criminal prosecutions, the trial court is not under duty to assign him counsel,

in the absence of a request by him, and the failure of the court to do so does not deprive him of due process of law, and is not ground for relief under the Post-Conviction Hearing Act as a deprivation of his constitutional rights.

PETITION by defendant Cruse for *certiorari* to review judgment of *Harris, J.,* January Term, 1953, of LENOIR. Affirmed.

The judgment complained of dismissed defendant's petition for new trial under the provisions of the North Carolina Post-Conviction Statute, Chapter 1083, Session Laws 1951, G.S. 15-217. We granted *certiorari*.

The petitioner John L. Cruse and another were indicted and convicted at March Term, 1952, of the Superior Court of Lenoir County upon a bill of indictment charging (1) conspiracy to assault and rob, (2) assault with deadly weapon with intent to kill inflicting serious injury not resulting in death, and (3) robbery from the person. On verdict of guilty as to each count prison sentences not in excess of the maximum fixed by statute were imposed on the petitioner as to each count in the bill, the sentences to be served consecutively. The petitioner did not appeal.

On 1 November, 1952, defendant Cruse filed in the Superior Court of Lenoir County his petition for relief under G.S. 15-217. The court assigned counsel for petitioner. The solicitor for the State answered. In due course the matter came on to be heard at January Term, 1953, before Judge Harris.

The amended petition prepared by petitioner's counsel, after setting out the facts of his conviction and sentence, stated the grounds for relief under the statute as follows:

"4. That at the time your petitioner was arraigned and tried, as hereinbefore alleged, your petitioner was without funds with which to employ counsel and was not represented by counsel at said trial, but that the State was represented in the prosecution of said criminal action by the Solicitor for the Judicial District and by Mr. Frank Owens, an attorney of Kinston, N. C., who was representing the private prosecution.

"5. That although your petitioner was without counsel and was without funds with which to employ counsel, the court did not tender him the appointment of counsel although your petitioner was being tried upon a bill of indictment charging him with the commission of three serious felonies. That your petitioner has completed less than seven years of formal school education, has not studied law, and is not qualified to adequately represent and defend himself in the criminal courts; that your petitioner is unlearned in the rules of criminal procedure and of the rules of evidence and that your petitioner was without knowledge as to what constituted the crime of conspiracy with which he was charged.

"6. That on the date your petitioner was arraigned and tried he was carried from the county jail to the Court House at about of 11:00 a.m.;

that he had no knowledge until that time that he was to be arraigned and tried on said date, that he requested subpoenas to be issued for certain witnesses, among one of whom was the doctor who had examined the prosecuting witness. That he did not know the name of the doctor and that no one made any attempt to furnish him with the name of said doctor, although the name of the doctor could have been readily determined from the prosecuting witness who was then in Court. That your petitioner is informed and believes and upon information and belief alleges that subpoenas were not actually issued for his witnesses until a few minutes before his case was called for trial and one of his witnesses who was material to a proper defense of said case did not appear during the trial of said cause.

"7. That your petitioner is informed and believes and upon information and belief alleges that during the course of the trial the State offered in evidence certain photographs taken of the prosecuting witness and that said photographs were offered and were received in evidence as substantive evidence. Your petitioner is further informed and believes and upon information and belief alleges that such photographs are not competent as substantive evidence and that had your petitioner been represented by counsel, counsel would have objected to receiving such photographs as substantive evidence.

"8. That your petitioner is informed and believes and upon information and belief alleges that the court stenographer failed to take down the Judge's charge to the jury and that there now exists no record of His Honor's charge to the jury. Your petitioner is further informed and believes and upon information and belief alleges that if he had been represented by counsel, counsel would have requested the court stenographer to take down the court's charge to the jury and that counsel would have had opportunity to review said charge to determine whether errors were committed therein.

"9. Your petitioner is informed and believes and upon information and belief alleges that due to the matters and things hereinbefore alleged that the sentence he is now serving involved a denial of his rights under the Fourteenth Amendment of the Constitution of the United States and that he has been denied the rights and privileges which are guaranteed to him thereunder.

"10. That the constitutional questions raised in this proceeding have not heretofore been raised or passed upon by any court of competent jurisdiction."

The court heard all the evidence offered, including not only the evidence offered at the hearing but also examined the record of the evidence offered in the trial at March Term, 1952, and found facts and rendered judgment thereon as follows (omitting recitation of preliminary proceedings):

"2. That the petitioner, from the time of his arrest to the time of his trial at the March, 1952, Criminal Term, Lenoir County Superior Court, did not have sufficient funds to employ an attorney, was not represented by counsel at said trial, and the court did not assign or appoint counsel for the defense; and that in said case the State was represented by the Solicitor for the Sixth Judicial District and Mr. Frank Owens, Attorney of Kinston, represented the private prosecution.

"3. That at the time of said trial the petitioner was thirty-nine years of age, had completed the 6th grade and had had previous experience in Courts as defendant in numerous trials, having been represented in most of them by counsel.

"4. That the petitioner was not represented by counsel in said trial did not prejudice the petitioner's rights, and that in the opinion of the Court no evidence or testimony prejudicial to the petitioner was admitted.

"5. That the petitioner was not represented by counsel did not prevent the petitioner from having all witnesses necessary to his defense subpoenaed and present in Court at said trial.

"6. That the petitioner was not represented by counsel did not prevent the petitioner from determining the name of the doctor who examined the prosecuting witness, and that upon the petitioner's request to the Court to issue a subpoena for said doctor, it was not the duty of the court or Solicitor to assist the petitioner in determining the name of said doctor and to have a subpoena issued for him, although the prosecuting witness was in court at the time said request was made.

"7. That there was sufficient competent evidence offered and received in the trial of petitioner to submit each of the three counts in the Bill of Indictment to the jury, and, if counsel had been assigned to represent petitioner, a motion to dismiss as to anyone or all of said counts would have been denied.

"8. That the admission in evidence of the photographs of the prosecuting witness without instructions from the Court, at the time such photographs were offered in evidence, that they were limited to illustrating or explaining the witness' testimony and were not substantive evidence, were not prejudicial error and that such instructions would not have been given to the jury upon request of counsel.

"9. That when the petitioner attempted to cross-examine the prosecuting witness with reference to said witness' past criminal record, the witness' answer to the question—'Have you ever had a warrant taken out for you for robbery'—and the witness' answer of 'No, sir'—to which the State objected, and the Court's statement: 'He says No, and that ends it,' the Court's statement was not prejudicial error, and that the petitioner's constitutional rights were not prejudiced by not having counsel to assist him in properly cross-examining the witnesses.

"10. That the failure of the Court to instruct and assist the petitioner as to the cross-examination of the State's witnesses was not prejudicial to the petitioner's receiving a fair trial.

"11. That the failure of the Court to instruct the court reporter, and the failure of the court reporter, to take a full transcript of the evidence, including the charge of the court to the jury, was not prejudicial to the petitioner and did not deprive the petitioner of any constitutional rights.

"12. That the failure of the Court to instruct the jury that the statement made by the prosecuting witness—'But Bill Brady went back there later and got my hat and a full Coca-Cola. But I didn't see any hat or the Coca-Cola'—was admitted only for the purpose of corroborating the testimony of other witnesses if it did corroborate the testimony of subsequent witnesses, was not error and was not prejudicial and the petitioner's constitutional rights to a fair trial were not prejudiced thereby.

"Now, THEREFORE, upon motion of the Solicitor of the Sixth Judicial District, and upon the foregoing findings of fact and conclusions of law, it is considered, ordered, adjudged and decreed that the petitioner's Petition be dismissed and application for a new trial be, and the same is hereby denied."

Petitioner excepted to this judgment and assigned error in the court's findings of fact numbered 4 to 10 inclusive.

Defendant's petition for *certiorari* was granted and the case brought to the Supreme Court for review.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Charles B. Aycock for petitioner, appellant.*

DEVIN, C. J. The North Carolina Post-Conviction Statute, G.S. 15-217, under which the petition in the case before us was filed, provides that any person imprisoned in State's Prison or jail "who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of North Carolina, or both, as to which there had been no prior adjudication by any court of competent jurisdiction, may institute a proceeding under this article."

The statute provides that the proceeding be commenced by filing petition in the Superior Court of Wake County or the county in which the conviction took place, setting forth the respects in which petitioner's constitutional rights were violated, and that the constitutional questions raised have not heretofore been raised or passed upon by any court of competent jurisdiction. G.S. 15-218 to 15-222. The procedure prescribed by the statute was followed in this case, and the presiding judge after

hearing all the evidence, made findings of fact and entered judgment thereon adverse to the petitioner.

The statute which authorizes the procedure by which the defendant has sought relief in the instant case was not intended to operate as a substitute for an appeal. It was not designed merely to afford to a person heretofore convicted of crime the right to present to this Court assignments of error in the trial in which he was convicted and from which he did not appeal. The statute was enacted for the purpose of providing an adequate, simple and effective post-conviction remedy for persons who have suffered substantial and unadjudicated deprivation of constitutional rights in the original action which resulted in their conviction, because they were prevented from claiming such constitutional rights by factors beyond their control. *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513. The statute provides a procedure by which a person convicted of crime may thereafter obtain a hearing upon the question whether he was denied due process of law. It affords an opportunity to inquire into the constitutional integrity of his conviction. *People v. Dale,* 406 Ill. 238.

In the interpretation of the Illinois Post-Conviction Statute, which is similar to the North Carolina statute, the Supreme Court of Illinois in *People v. Hartman,* 408 Ill. 133, had this to say: "It certainly was not the intent of the General Assembly, by the new act in question, to enable a person convicted of a crime to have a review of ordinary questions of procedure, for which the law already provides a remedy, by charging that they constitute a denial of constitutional rights." And in *People v. Farley,* 408 Ill. 288, the Court again pointed out that "objections to evidence, or ordinary errors occurring during the course of the trial do not constitute denials of rights guaranteed by the constitution." See also *People v. Reeves,* 412 Ill. 555.

It was not the intention of the Legislature to afford under this statute a general review of every error a prisoner who is dissatisfied with his conviction and sentence may assert, but only in those instances in which a substantial denial of a constitutional right has been made to appear.

Furthermore, the statute under which the defendant's petition was filed requires that petitioner shall "clearly set forth the respects with which petitioner's constitutional rights were violated." G.S. 15-218. In compliance with this provision petitioner has set out in his amended petition the several respects in which he claims he suffered deprivation of his constitutional rights in the trial which resulted in his conviction. Each of these was considered by the court below and findings of fact with respect thereto entered of record. These findings are supported by evidence and are binding on the defendant on this review. *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513. The defendant's claim that he was unable to subpoena witnesses is not borne out. Several witnesses were present

and testified at his instance. The fact that on the trial photographs competent for some purpose were admitted and that evidence in corroboration of witnesses examined was received is insufficient to show error or unfairness. A motion for judgment as of nonsuit if made would have been unavailing as there was evidence both of assault and robbery, and of conspiracy to commit these crimes, and a motion to quash the second count if allowable would have presented only a question of procedure by way of amendment or additional bill. The failure of the record to show the court's charge to the jury is inconsequential. Error may not be predicated on the possibility of error in a charge which was not reported and as to which no error is now assigned. The presumption is that the court charged the jury properly as to the law applicable to all phases of the evidence. *State v. Russell,* 233 N.C. 487, 64 S.E. 2d 579. But these are matters of procedure. The proceeding authorized by the statute does not contemplate a review of errors in the trial subsequently assigned after a conviction from which defendant did not appeal. The right to an appeal is unqualifiedly given in North Carolina to every person convicted of a criminal offense in any court. G.S. 15-180. No constitutional question is presented by assignments of error relating only to matters of procedure. The Constitution does not guarantee to a defendant charged with crime a trial free from all error. He may not be held to have suffered deprivation of constitutional rights merely from adverse rulings of the trial court on matters of procedure.

The defendant, however, relies upon the fact that in the trial court no counsel was assigned to aid him. He avers that he was unacquainted with legal procedure, was of limited education, and unable adequately to defend himself. He contends that legal counsel would have enabled him to make motions and raise questions material to his defense, and that there was absence of that due process of law guaranteed him by the Fourteenth Amendment to the Constitution of the United States and Article I, sec. 17, of the Constitution of North Carolina.

It is not contended that request was made to the court that counsel be assigned him or that the court was advised he was unable to secure counsel. The bill of indictment did not charge a capital felony. The Constitution of North Carolina, in Art. I, sec. 11, declares the right of every man charged with crime "to have counsel for his defense." This provision of the Constitution, however, as interpreted by this Court, does not make it incumbent upon the trial judge in all cases of criminal prosecution for noncapital offenses to assign counsel, but only when the circumstances are such as would seem to require it as essential to a fair trial. *Betts v. Brady,* 316 U.S. 455. The settled rule in North Carolina was stated in *S. v. Hedgebeth,* 228 N.C. 259, 45 S.E. 2d 563: "In capital felonies these provisions (of the Constitution) relative to counsel are

regarded as not merely permissive but mandatory . . . But in cases of misdemeanors and felonies less than capital it has been the uniform practice in this jurisdiction to regard these provisions as guaranteeing the right of persons accused to have counsel for their defense, to be represented by counsel, and the right to have counsel assigned if requested and the circumstances are such, for financial or other reasons, as to show the apparent necessity of counsel for the protection of the defendant's rights.

"But we cannot hold that in all cases, in the absence of any present statute to that effect, the burden is imposed upon the State to provide counsel for defendants. In cases less than capital the propriety of providing counsel for the accused must depend upon the circumstances of the individual case, within the sound discretion of the trial judge." *S. v. Wagstaff,* 235 N.C. 69, 68 S.E. 2d 858; *In re Taylor (S. v. Taylor),* 230 N.C. 566, 53 S.E. 2d 857; *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520; *S. v. Farrell,* 223 N.C. 321, 26 S.E. 2d 322.

The *Hedgebeth case* was affirmed by the Supreme Court of the United States, *Hedgebeth v. North Carolina,* 334 U.S. 806.

The rule in force in North Carolina is in accord with that stated by the Supreme Court of the United States in recent decisions. In *Palmer v. Ashe,* 342 U.S. 134, it was said: "This Court has repeatedly held that the Due Process Clause of the Fourteenth Amendment requires states to afford defendants assistance of counsel in noncapital criminal cases when there are special circumstances showing that without a lawyer a defendant could not have an adequate and fair defense." There the Court was speaking of an eighteen-year-old boy with record of mental abnormality. And in *Gallegos v. Nebraska,* 342 U.S. 55: "The Federal Constitution does not command a state to furnish defendants counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at state noncapital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice." The defendant in that case was a Mexican, unable to speak or read English, against whom an alleged forced confession was used. To the same effect was the ruling in *Wade v. Mayo,* 334 U.S. 672, where the defendant was an inexperienced youth incapable of adequately representing himself and whose request for counsel had been denied. *Powell v. Alabama,* 287 U.S. 45; *Williams v. Kaiser,* 323 U.S. 471; *Bute v. Illinois,* 333 U.S. 640; *Uveges v. Pennsylvania,* 335 U.S. 437; *Quicksall v. Michigan,* 339 U.S. 660.

The ruling in *Townsend v. Burke,* 334 U.S. 736, was based on the showing that conviction was predicated on misinformation submitted by the prosecutor or misreading of the record by the Court. Likewise the facts underlying the decisions in *Gibbs v. Burke,* 337 U.S. 773, are distinguishable.

In the case at bar, however, the facts in evidence do not reveal a situation which would indicate that the failure to assign counsel, in the absence of request or notice of special circumstances requiring it, constituted denial of due process of law.

The defendant Cruse was 39 years old. He had completed six grades in school. He admitted he had served a substantial portion of the last twenty [years] in prison in North Carolina, in Michigan, and in Atlanta (Federal). He had been tried in court many times and convicted in twelve or more criminal cases such as forgery, breaking and entering, larceny of automobile, felonious assault (four times), highway robbery, violation liquor and motor vehicle statutes. In most of these he had been represented by counsel. Certainly he was not without experience in the trial of criminal cases in court. In the trial in which he was last convicted he made no request for counsel, conducted his case himself, cross-examined the State's witnesses, testified in his own behalf, offered three other witnesses. He was given opportunity to address the jury but declined, and no argument to the jury was made by the prosecution.

After a careful consideration of all the facts and circumstances surrounding the trial in which petitioner was convicted, and the facts brought out in the hearing on his petition under the statute, we reach the conclusion that the failure of the trial court to assign counsel, and the fact that he was not represented by counsel did not constitute a deprivation of due process of law or violate any constitutional right of the petitioner.

The judgment of Judge Harris dismissing the petition and denying relief thereunder is

Affirmed.