STATE OF NORTH CAROLINA v. ROSANA TOMS

No. 7329SC749

(Filed 28 November 1973)

1. Criminal Law § 180— writ of error coram nobis — proper court for consideration

The superior court judge properly refused to consider defendant's petition for a writ of error *coram nobis* since that petition should have been addressed to the district court in which defendant was tried.

2. Criminal Law §§ 180, 181— writ of error coram nobis — superseded by Post-Conviction Hearing Act

The writ of error *coram nobis* has been superseded by the Post-Conviction Hearing Act, G.S. 15-217 to -222, with respect to defendants who have been sentenced to prison; however, the writ is still available to defendants who have been convicted but not imprisoned.

APPEAL by defendant from *Thornburg, Judge,* 7 May 1973 Session of Superior Court held in RUTHERFORD County.

Defendant was charged in a valid warrant with issuing a worthless check in violation of G.S. 14-107. She entered a plea of guilty in the District Court of Rutherford County on 30 September 1971 and received a six-month sentence suspended on condition that she make restitution to the payee of the check. There was no appeal.

On 4 August 1972 upon a showing that defendant had failed to make restitution and comply with the terms upon which the

prison sentence was suspended, District Court Judge Robert T. Gash ordered the active sentence into effect. Defendant filed notice of appeal to the superior court.

Defendant then filed a petition for writ of error *coram nobis* or a writ of habeas corpus in the superior court before Judge Lacy H. Thornburg contending that her plea of guilty had been the result of coercion by the State and that she was not in fact guilty. Judge Thornburg denied any relief by habeas corpus and declined to consider the petition for writ of error *coram nobis* upon the ground that such petition should be addressed to the district court where defendant was tried.

From the action of the court in declining to consider the petition for writ of error *coram nobis,* defendant has appealed.

*Attorney General Morgan, by Associate Attorney E. Thomas Maddox, Jr., for the State.*

*Deborah G. Mailman for defendant appellant.*

BALEY, Judge.

[1]  The refusal of the trial court to consider the petition for a writ of error *coram nobis* upon its merits is affirmed. It is clear that this petition should be addressed to the district court in which the petitioner was tried. *State v. Green,* 277 N.C. 188, 176 S.E. 2d 756. This rule is equally applicable whether the defendant was tried in superior court or in an inferior court. In *Green* the petitioner was convicted of nonsupport in the Reidsville Recorder's Court, an inferior court which has now been replaced by the district court. He petitioned the Rockingham County Superior Court for a writ of error *coram nobis,* and the Supreme Court held that the petition should have been addressed to the Recorder's Court. The Court explained its decision as follows: " 'The writ of error *coram nobis* "is brought for an alleged error of fact, not appearing upon the record, and *lies to the same court,* in order that it may correct the error, which it is presumed would not have been committed had the fact in the first instance been brought to its notice." ' " *Id.* at 192, 176 S.E. 2d at 759.

[2]  Under the common law a defendant could use the writ of error *coram nobis* "to challenge the validity of a conviction by reason of matters extraneous to the record." *Id.* at 191, 176 S.E. 2d at 759. In North Carolina this writ has been superseded by

the Post-Conviction Hearing Act, G.S. 15-217 to -222, with respect to defendants who have been sentenced to prison. The writ is still available, however, to defendants who have been convicted but not imprisoned. *State v. Green, supra. See also Dantzic v. State,* 279 N.C. 212, 182 S.E. 2d 563; *State v. Daniels,* 231 N.C. 17, 56 S.E. 2d 2; *In re Taylor,* 230 N.C. 566, 53 S.E. 2d 857.

No error.

Chief Judge BROCK and Judge CAMPBELL concur.