Ruffin, C. J*
 

 It is not to be considered whether there be error in law in the judgment; for, if there were such error, it could not be corrected by writ in the same Court. Moreover, the motion is founded exclusively on an alleged error in fact. A writ of that kind can be had only when allowed by the Court where the record is ; and, if in such a case an appeal will lie to this Court, we must say, in our own opinion, it was right not to allow it in this instance. The only error which it is proposed to assign is in a matter of fact directly repugnant to the record. The party wishes now to show, that in truth there was such a record, in contradiction to the finding of the fact by the Court, that there was not sucha recoid. An averment of fact against the record cannot be heard in a case of this kind more than in others; Bac. Abr.
 
 Error,
 
 K. 3. Only such errors in fact can be assigned as are consistent with the record. When an infant, for example, is sued, there is nothing to enable the Court to see that he is or he is not an infant. The law considers that, as an infant, he has not discretion to choose an attorney, and therefore will not let him appear by attor
 
 *120
 
 ney, but requires the Court to appoint a fit person his guardian to make defence for him. As the Court does not know the defendant’s infancy, it is the part'of the plaintiff to ascertain and make known the'fact, so as not to allow the Court to decide against a person under disability, for whom the full defence may not have been made, which the law intends. For that fault the plaintiff’s judgment must necessarily be reversed, so as to let in the other party to defend with all the advantages to which the law entitled him ; and therefore the defendant may'aver the fact of his disability which stands well with the record, in order that he may have the benefit of a legal defence. It is the same when a
 
 feme covert
 
 is sued without her husband. But if, in those cases, issue be joined on the questions of the defendant’s infancy or coverture, and it be found that the party is of full age, or not a
 
 feme
 
 covert, but sole, we apprehend that the verdict must, of necessity, eoncludeall parties on that point as on any other put in issue and found; and that an averment to the contrary could not be allowed. If it could, it would render the litigation interminable, as each party might say from time to time, that then he or she had fuller proof, which would establish the fact to be contrary to the last finding. But the present case is much weaker than those mentioned. It is not one in which it is alleged, that the Court wrongfully administered the law for want of information, which the plaintiff ought to have given, as to a fact from which the defendant would have derived advantage had it been brought to the notice of the Court. But here, the allegation is, that the Court erred in finding a fact against the plaintiff, on which the parties were at issue, contrary to the truth : and even that, not because the finding was not right according to the proof then before the Court, but by reason simply, that he can now produce evidence sufficient, he supposes, to establish the fact as then alleged by him. It is, in reality, an attempt in a novel way and at a remote period to get a new trial for surprise. The
 
 *121
 
 plaintiff’s proper coarse would have been to suggest a dirti-inution of the record, and had the defect supplied before the trial, by
 
 certiorari,
 
 or, after the trial and at the same Term, on account of the surprise, to have moved for another trial. The present attempt cannot be countenanced.
 

 .Pee Curia®. Judgment affirmed. >