MARVIN EARL BOTTOMS, PETITIONER v. STATE OF NORTH CAROLINA, RESPONDENT.

(Filed 23 September, 1964.)

**Constitutional Law § 32—**

A person charged with a felony is entitled to counsel unless he waives such right, and conviction in a trial in which he was denied his right to representation must be set aside.

ON petition for a Writ of *Certiorari* from *Burgwyn, E. J.,* December 1963 Criminal Session of JOHNSTON.

At the December 1961 Criminal Term of Johnston County superior court, petitioner Marvin Earl Bottoms, who was not represented by counsel, entered pleas of *nolo contendere* to three indictments: One indictment charging him on 15 April 1961 with obtaining $670 in U. S. currency from Cleo Stanley by false pretense, a felony, G.S. 14-100; another indictment charging him and one Nelms on 3 April 1961 with obtaining $400 in U. S. currency from Cleo Stanley by false pretense, a felony, G.S. 14-100; and a third indictment charging him and six other persons on 1 April 1961 with a criminal conspiracy to obtain money from Cleo Stanley by false pretenses and with obtaining from Cleo Stanley by such false pretenses $5,500 in U. S. currency, a felony, G.S. 14-100; *S. v. Dale,* 218 N.C. 625, 12 S.E. 2d 556. The presiding judge consolidated the three cases for judgment and sentenced Bottoms to serve a prison sentence of not less than seven nor more than ten years.

On 3 October 1963 Bottoms filed a petition in the superior court of Johnston County, pursuant to the provisions of G.S. 15-217 *et seq.,* Review of the Constitutionality of Criminal Trials, alleging that in his trial at the December 1961 Criminal Term of Johnston County superior court on three indictments charging him with the commission of felonies he was denied his constitutional right to have counsel to represent him. His petition came on to be heard at the December 1963 Criminal session, Burgwyn, E. J., presiding. Judge Burgwyn, finding that petitioner is an indigent, appointed William R. Britt of the Johnston County Bar to represent him. Judge Burgwyn heard the proceeding upon the petition of Bottoms, the records of the court, and upon argument of counsel for the State and for petitioner, and being of the opinion that the petitioner's criminal record prior to December 1961 and his prior service of one or two prison sentences showed he was experienced in court trials, he concluded that defendant's failure to have counsel appointed for him at the December 1961 Criminal Term did not militate against him. Judge Burgwyn's judgment further recites that the official records of the court do not show that petitioner requested appointment of counsel for him at the December 1961 Criminal Term. Judge Burgwyn's judgment gave petitioner no relief, and he excepted and applied to this Court for a Writ of *Certiorari* to review Judge Burgwyn's judgment. G.S. 15-222.

On 14 April 1964 this Court entered an order remanding the proceeding to the superior court of Johnston County for "additional and specific findings *re* whether petitioner waived counsel at Dec. 1961 Term."

Our order further recites that "upon receipt of these findings action will be taken on petition."

The proceeding came on again to be heard at the June 1964 Criminal Session of Johnston County superior court, Bickett, J., presiding. Judge Bickett's order recites that Bottoms testified that he requested the presiding judge at the December 1961 Term to appoint counsel to represent him, that he did not waive his right to have counsel, and that the presiding judge told him that he could provide counsel only in capital cases. Judge Bickett found as a fact "that Marvin Bottoms did not have counsel at the time of his trial in December 1961, and the Court finds further that the said Marvin Bottoms did not waive his right to counsel before or at the time he was tried in December 1961 in the Superior Court of Johnston County," and ordered that his findings of fact and orders be certified to this Court pursuant to its mandate. The testimony of Bottoms, which was forwarded with Judge Bickett's order, supports the judge's findings of fact.

*Attorney General T. W. Bruton and Theodore C. Brown, Jr., Staff Attorney, for the State.*

*Britt & Ashley by William R. Britt for petitioner.*

PER CURIAM. Upon authority of *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733, the petition for a Writ of *Certiorari* is granted, and petitioner's pleas of *nolo contendere* entered at the December Term 1961 to the three felony indictments above set forth, and the judgment entered against him at that Term, are hereby vacated. When this opinion is certified down to the superior court of Johnston County, an order will be entered in accordance with this opinion. The solicitor for the State will proceed with reasonable promptness to try him again or otherwise dispose of the cases against petitioner.

Petition for Writ of *Certiorari* allowed.