## STATE v. RALPH A. JOHNSON.

(Filed 15 January, 1965.)

**1. Constitutional Law § 32—**

A defendant in a criminal prosecution is entitled to counsel and, if an indigent, to have court appoint counsel for him unless he intelligently and understandingly waives counsel, and the fact that defendant enters pleas of guilty does not constitute such a waiver. Sixth and Fourteenth Amendments to the Constitution of the United States.

**2. Same—**

The Federal decision in regard to a defendant's right to counsel is retroactive.

**3. Criminal Law § 173—**

Upon the hearing of a petition attacking the constitutionality of defendant's trial on the ground that he had been denied counsel, petitioner's uncontradicted evidence that he filed his petition within a year after his parole to this State after serving some eleven years as a Federal prisoner and that the petition was filed within several months of the rendition of the Federal decision declaring the right of a defendant to counsel, discloses that defendant's delay in filing the petition for more than five years from the rendition of the judgment attacked was not due to laches or negligence, and the trial court's holding to the contrary cannot stand. G.S. 15-217.

CERTIORARI to review a judgment entered October 3, 1964, by *May, Special Judge,* based on hearing pursuant to G.S. 15-217 *et seq.,* at July "A" 1964 Criminal Session of WAKE Superior Court.

At January Term, 1948, Ralph A. Johnson, then defendant and now petitioner, entered pleas of guilty to six indictments numbered and containing charges as indicated below. The court pronounced judgments as follows:

In #6623 (armed robbery), defendant was sentenced to a prison term of five years. In #6619 (forgery), #6621 (forgery), #6624 (larceny of automobile), and #6625 (forgery), which were consolidated for judgment, defendant was sentenced to a prison term of twelve months, *to run concurrently* with the five-year sentence in the armed robbery case (#6623).

In #6620, an indictment charging (1) felonious breaking and entering and (2) larceny, defendant was sentenced to a prison term of five years, to begin *at the expiration* of the five-year sentence in the armed robbery case (#6623).

In a petition filed in Wake Superior Court in June, 1963, under G.S. 15-217 *et seq.,* petitioner attacked the proceedings at January Term, 1948, *with reference to #6620,* asserting the plea and judgment, and his commitment and imprisonment under the judgment, are void on the

ground his constitutional rights were denied. Thereafter, counsel was appointed, namely, Thomas W. Steed, Jr., Esquire, to represent petitioner. At the hearing before Judge May at July "A" 1964 Criminal Session, the evidence consisted of the minutes of the January Term, 1948, of Wake Superior Court, pertaining to said indictments, and the testimony of petitioner.

Judge May, in his judgment, found facts substantially as stated above and in addition the following: Defendant was not represented by counsel in Wake Superior Court at said January Term, 1948. He was committed to the North Carolina Prison System on January 6, 1948, and remained a prisoner therein until his escape in April, 1951. In 1951, while an escapee, under sentence(s) pronounced in a federal court, defendant was committed to and remained in a federal prison until July, 1962, when he was paroled to North Carolina. Since July, 1962, he has been in the North Carolina Prison System. Judge May also found as a fact "that since his trial in 1948 the petitioner has been neither mentally nor physically ill to such an extent as to incapacitate him from requesting a review of his trial."

The judgment concludes as follows:

"Upon the foregoing findings of fact the Court concludes as a matter of the law that the petitioner in this proceeding has not shown that the delay of 15 years after the rendition of the final judgment in the complained of trial was not due to laches or negligence on his part. The Court further concludes that since the petition in this action was filed more than 5 years after rendition of the final judgment complained of that the petitioner is not entitled to relief under the provisions of G.S. 15-217, *et seq.*

"IT IS, THEREFORE, ORDERED, ADJUDGED and DE-CREED that this petition be, and the same is hereby dismissed, and all proceedings had by virtue of said petition are and the same is hereby dismissed."

The matter is before us on petition for *certiorari* to review said judgment and the Attorney General's answer thereto.

*Attorney General Bruton and Theodore C. Brown, Jr., Member of Staff for the State.*

*Thomas W. Steed, Jr., for defendant petitioner.*

BOBBITT, J.  G.S. 15-217 contains this sentence: "No proceeding under this article shall be commenced more than five years after rendition of final judgment resulting from said conviction, or more than three years after the effective date of this article, whichever is later,

unless the petitioner alleges facts showing that the delay was not due to laches or negligence on his part."

It is not necessary or appropriate to review defendant's testimony to the effect he was not guilty of the criminal offense for which he was indicted in #6620 or his testimony relating to circumstances in explanation of his plea of guilty thereto. There are no findings of fact concerning these matters. The judgment below is based solely on the quoted provision of G.S. 15-217.

Plaintiff's uncontradicted evidence is to the effect he was arrested on January 1, 1948, in Richmond, Virginia, and tried, sentenced and committed in Wake Superior Court on January 6, 1948; that he had no lawyer and neither time nor money to get one; and that his request for counsel was denied with the explanation, in substance, that there was no provision for the appointment of counsel in such cases.

Expressly overruling *Betts v. Brady,* 316 U.S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252 (1942), the Supreme Court of the United States, in *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R. 2d 733 (1963), held that one of the fundamental rights made obligatory on the states by the Fourteenth Amendment is the provision of the Sixth Amendment that "(i)n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," and that, when an indigent defendant is charged with a felony in a state court, the failure to appoint counsel for him constitutes a denial of his constitutional rights. Annotations: 93 A.L.R. 2d 747 *et seq.,* 9 L. Ed. 2d 1260 *et seq.* "(W)here the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." *Carnley v. Cochran,* 369 U.S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962). In this connection, see *Doughty v. Maxwell,* 376 U.S. 202, 11 L. Ed. 2d 650, 84 S. Ct. 702 (1963), reversing *Doughty v. Sacks,* 191 N.E. 2d 727 (Ohio 1963).

The said constitutional right to counsel is not limited to cases where defendant pleads not guilty. *United States v. LaVallee,* 330 F. 2d 303 (2d Cir. 1964); *United States v. Myers,* 329 F. 2d 856 (3d Cir. 1964); *Doughty v. Maxwell, supra.*

Nothing in the record indicates petitioner voluntarily, intelligently and understandingly (or otherwise) waived his constitutional right to counsel. In this connection, see *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357 (1938); *S. v. Roux, ante,* 149, 139 S.E. 2d 189. "Presuming waiver from a silent record is impermissible." *Carnley v. Cochran, supra.*

At January Term, 1948, of Wake Superior Court, *Betts v. Brady, supra,* was authoritative. However, after *Gideon v. Wainwright, supra,*

was decided, whether there *has been* a denial of constitutional rights is to be determined by application of the constitutional principles settled and declared in that decision. *Pickelsimer, et al. v. Wainwright,* 375 U.S. 2, 11 L. Ed. 2d 41, 84 S. Ct. 80 (1963) ; *Bottoms v. State,* 262 N.C. 483, 137 S.E. 2d 817; *United States v. LaVallee, supra; United States v. Myers, supra; Palumbo v. State of New Jersey,* 334 F. 2d 524 (3d Cir. 1964) ; *Doughty v. Maxwell, supra.*

Petitioner's uncontradicted testimony, which amplifies the court's findings, is to the effect that he was a federal prisoner in Atlanta, Georgia, under sentence(s) imposed by a federal court, presumably in Virginia, from 1951 until his return to North Carolina on July 3, 1962; and that he was advised the North Carolina Courts would not act upon a petition filed under G.S. 15-217 *et seq.* while he was in prison in Atlanta. Apart from the fact he was beyond the jurisdiction of our courts from 1951 until 1962, the constitutional ground on which he attacks the proceedings at January Term, 1948, in #6620, was undeclared and unavailable to him until March 18, 1963, when *Gideon v. Wainwright, supra,* was decided. In June, 1963, the petition under G.S. 15-217 *et seq.* was filed. Under these circumstances, we are of opinion that the court's conclusion of law to the effect that petitioner failed to show that the delay in filing his petition under G.S. 15-217 *et seq.* "was not due to laches or negligence on his part" is erroneous. Since the answer of the Attorney General indicates his views and those expressed herein are in substantial accord, the petition for *certiorari* is allowed; and decision is entered as stated below.

The judgment entered October 3, 1964, in post-conviction proceedings, is reversed; and the cause is remanded to the Superior Court of Wake County with directions that an order be entered vacating the plea, judgment and commitment entered at January Term, 1948, in #6620; and, unless petitioner is lawfully imprisoned in another case or cases, that provision be made for the petitioner's release under an appearance bond in an amount to be fixed by the court pending further prosecution or other disposition of the indictment in #6620.

Reversed and remanded.