STATE OF NORTH CAROLINA v. ARTHUR GOFF.

(Filed 15 January, 1965.)

**1. Constitutional Law § 32—**

The Federal decision that defendant in a criminal prosecution is entitled to counsel must be given retroactive effect.

**2. Same—**

A defendant is entitled to counsel at his post-conviction hearing attacking the constitutionality of his trial.

**3. Same—**

Where the assistance of counsel is a constitutional requisite, the right to have counsel does not depend upon a request.

ON petition for *certiorari* from *Parker, J.,* June 1962 Mixed Term of PITT, and from *Burgwyn, E. J.,* October 1964 Mixed Term of PITT.

These facts are established by the petition and the admission in the Attorney-General's answer: At the August 1961 Criminal Term of Pitt County, Arthur Goff, then defendant and now petitioner, was tried upon two bills of indictment. In Case No. 7751, he was charged with breaking, entering, and the larceny of property of the value of less than $100.00; in Case No. 7752, he was charged with a felonious assault. Petitioner pled guilty as charged in Case No. 7751 and received a sentence of not less than three nor more than five years in the State's Prison. In Case No. 7752, he pled not guilty. There was a jury verdict of guilty as charged, and petitioner received a sentence of not less than seven nor more than ten years in the State's Prison, to begin at the expiration of the sentence imposed in Case No. 7751. In neither case was petitioner represented by counsel.

In May 1962 petitioner, *in propria persona,* filed a petition under G.S. 15-217 *et seq.,* to review the constitutionality of his trial. He averred that he was indigent and requested the court to appoint counsel to represent him at the hearing on his petition. The court did not appoint counsel. When Judge Parker heard the matter on June 26, 1962, petitioner attempted to represent himself. In his petition he al-

leged sundry denials of his constitutional rights, none of which allegations he was able to substantiate: he did not assign his lack of counsel at his trial as such a denial. Upon the hearing it was conceded that petitioner was not represented by counsel at his trial in August 1961, and the court noted that he had not requested the appointment of counsel. Judge Parker, applying the law as we then understood it to be, held that courts were not required to assign counsel to an indigent defendant not charged with a capital felony. He dismissed the petition for lack of merit without finding any facts.

In September 1964 petitioner prepared and filed in the Superior Court of Pitt County a second petition, in which he requested a review of the constitutionality of his trial in Case No. 7752 only. He labeled this document "Petition for Writ of Habeas Corpus." He again alleged his indigency and, this time, specifically assigned as a violation of his constitutional rights the failure of the court to appoint him counsel. The court appointed William Brewer, Jr., Attorney at Law, to represent petitioner at the hearing on this petition on October 15, 1964. Judge Burgwyn, hearing the matter, held that petitioner was not entitled to relief under the Post-Conviction Act because of the previous hearing before Judge Parker on June 26, 1962. He held further that petitioner was not entitled to be released upon *habeas corpus* because the petition disclosed the petitioner to be confined under a lawful judgment of the Superior Court.

*Attorney General Bruton and Andrew A. Vanore, Jr., Staff Attorney for the State.*

*Arthur Goff in propria persona.*

SHARP, J. The petition for *certiorari* is granted and decision rendered as hereinafter stated. When, in 1963, two years after defendant was tried in August 1961, *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R. 2d 733, overruled *Betts v. Brady,* 316 U.S. 455, 86 L. Ed. 1595, 62 S. Ct. 1252 (which, decided in 1942, reaffirmed the original and ancient rule that the Sixth Amendment of the national Constitution applied only to trials in the federal courts), defendant-petitioner became entitled *ex post facto* to have had an attorney at his trial in 1961. *State v. Johnson, ante,* 479, 139 S.E. 2d 692. He was entitled, also, to counsel at his post-conviction hearing before Parker, J., in June 1962. G.S. 15-219; *Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A.L.R. 2d 1055, *rehearing den.* 351 U.S. 958, 100 L. Ed. 1480, 76 S. Ct. 844. At the trial, Goff did not request counsel; at the post-conviction hearing, he did. Where, however,

the assistance of counsel is a constitutional requisite, the right to have it does not depend upon a request. *Carnley v. Cochran,* 369 U.S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884; *State v. Roux, ante,* 149, 139 S.E. 2d 189.

The orders of Parker, J., and Burgwyn, E. J., in the post-conviction proceedings are reversed, and this cause is remanded to the Superior Court of Pitt County with directions to enter an order vacating the judgment and commitment in Case No. 7752 and instructing the solicitor to proceed with reasonable promptness to try defendant-petitioner *de novo* upon the bill of indictment returned at the August 1961 Term, unless the solicitor should otherwise dispose of the case in some manner consistent with the obligation of his office. *State v. Johnson, supra; Bottoms v. State,* 262 N.C. 483, 137 S.E. 2d 817.

Reversed and remanded.