STATE v. FUNTROY MERRITT.

(Filed 18 June, 1965.)

**1. Criminal Law § 173—**

A petition to review the constitutionality of a conviction must be filed in the county in which the conviction was entered, and when filed in the Superior Court of another county such court has no jurisdiction, nor may a motion for change of venue to such county be entered therein. G.S. 15-217 *et. seq.*

**2. Criminal Law § 169—**

Where a conviction is set aside because the prisoner was not represented by counsel at the trial, the prisoner is not entitled to his discharge, and the court, upon vacating the judgment, should order that the indictment upon which the prisoner was convicted be restored to the trial docket for retrial or other disposition as necessity may require.

ON *certiorari* allowing application of the Attorney General to review judgment of *Latham, S. J.,* in post-conviction proceedings at September 14, 1964 Criminal Session of GUILFORD.

This proceeding was begun on October 18, 1963, when Funtroy Merritt, a prisoner in the State Prison System, *in propria persona* filed a petition in Guilford County under G.S. 15-217 *et seq.,* asking a review of the constitutionality of three sentences which had been imposed upon him in that county. Thereafter the court appointed counsel to represent the prisoner, and on March 23, 1964, the prisoner, through counsel, filed in the Superior Court of Guilford County a new petition, in

which he alleged that he was tried and convicted of the following offenses in the counties indicated:

(1)  Superior Court — Guilford County — April 20, 1953 Term, Docket No. 1618. Sentence of not less than eight nor more than ten years upon conviction of armed robbery. Service of this sentence began on April 24, 1953, and was completed June 14, 1961.

(2)  Superior Court — Guilford County — June 1, 1953 Term. Docket Nos. 1609 and 1610. Sentenced to a term of not less than three nor more than five years upon a plea of guilty on two charges of breaking and entering, larceny, and receiving. Service of this sentence began on June 14, 1961, and the date of expiration of the sentence was posted as August 24, 1963.

(3)  Superior Court — Guilford County — June 3, 1953 Term. Docket No. 1617. Plea of guilty to one charge of highway robbery. Sentenced to not less than five nor more than seven years, said sentence to begin at the expiration of the sentence imposed under (2), above.

(4)  Recorder's Court of Henderson County — August 13, 1956 Term. Docket No. 2333. Plea of guilty. Sentence of two years in the county jail imposed, charge of destroying property of the State of North Carolina. This sentence was to begin at the expiration of the above sentences.

(5)  Superior Court of Henderson County — October 1956 Term. Docket No. 88. Plea of guilty to a charge of escaping from prison. Sentence of eight months in the county jail.

(6)  Superior Court of Mitchell County — April 7, 1958 Term. Docket No. 125. Plea of guilty to one charge of escaping prison. Sentenced to from three to five years in State's prison, said sentence to run at the expiration of the sentence or sentences then in effect.

(7)  Superior Court of Mitchell County — September 9, 1958 Term. Docket No. 95. Plea of guilty to one charge of escape. Sentenced to two years in State's prison, said sentence to begin at the expiration of any and all sentences then being served by the prisoner.

(8)  Superior Court of Haywood County — November 1959 Term. Docket No. 3151. Plea of guilty to one charge of escape. Sentenced to six months in the county jail, said sentence to begin at the expiration of the sentence in other cases above referred to.

The prisoner further alleged that at the time of the various trials he was indigent; that he was not advised of his right to counsel and

had none; that he did not know of this right until March 1963 after the decision of the U. S. Supreme Court in *Gideon v. Wainwright* and therefore the 5-year statute of limitations contained in G.S. 15-217 does not bar his petition. He prays for such relief "as to the court may seem just and proper."

On September 18, 1964, the prisoner, through counsel, filed a petition addressed to Honorable James F. Latham, judge presiding at the criminal session then being held, in which petition he asked for "a change of venue" from Henderson, Mitchell and Haywood counties, to the end that all his sentences be reviewed at one time and place. The solicitors of the Superior Courts of Henderson, Mitchell and Haywood counties and of the Recorder's Court of Henderson County were each notified by registered mail that the petitions had been filed and that a hearing would be held on them on September 24, 1964, in Guilford County. Each was asked to notify the solicitor of Guilford County or counsel for the prisoner if he had "objection to this proceeding" or desired to be heard on the petition. So far as the record discloses, no solicitor acknowledged his notice. On September 25, 1964, Judge Latham heard both petitions. Besides Merritt and his counsel, only the solicitor of Guilford County was present.

The judge found that sentences (1) and (2) as set out in the enumeration above had been completed and the prisoner was now serving sentence (3); that at no time during, before, or after his eight trials did the prisoner have counsel until his present attorney was appointed to represent him in post-conviction proceedings; that no solicitor had objected to granting the prayer for relief in the two petitions. Upon these findings, he ordered: (1) "that the prayer for change of venue from Henderson County Superior Court, General County Court of Henderson County, Superior Court of Mitchell County, and Superior Court of Haywood County, be and the same is hereby granted for the purpose of disposing of this matter in its entirety at this time;" and (2) "that the balance, not having been already served," of sentence (3) imposed at the June 3, 1953 Term of Guilford Superior Court, and the Henderson, Mitchell, and Haywood county sentences, (4) — (8) in the enumeration above, "be and the same are hereby vacated."

Execution of this judgment was stayed so that the Attorney General might petition this Court for *certiorari* to review the judgment. Upon his application, the writ issued.

*T. W. Bruton, Attorney General, and Theodore C. Brown, Jr., Staff Attorney, for the State, petitioner.*

*E. D. Kuykendall, Jr., for the prisoner, respondent.*

SHARP, J.   The first question presented by this appeal is: Did the judge presiding over a session of the Superior Court of Guilford County have authority to hear and pass upon a petition filed in Guilford County under G.S. 15-217 *et seq.* to review the constitutionality of the prisoner's convictions in any county other than Guilford?

The North Carolina Post-Conviction Hearing Act (G.S. 15-217 through 15-222) originated as Sess. Laws of 1951, ch. 1083. Codified as Gen. Stats. ch. 15, art. XXII, it is entitled "Review of the Constitutionality of Criminal Trials." Like the Illinois act on which it was modeled, *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513 (see *People v. Dale,* 406 Ill. 238, 92 N.E. 2d 761, for the Illinois act), the Act was passed "to replace the ancient and little known or understood writ of error *coram nobis,*" 29 N.C.L. Rev. 390, 391, insofar as the review of the constitutionality of criminal trials is concerned. The remedy afforded by the Act "closely resembles that available under the common-law writ." *People v. Bernatowicz,* 413 Ill. 181, 184, 108 N.E. 2d 479, 481, *cert. den.* 345 U.S. 928, 73 S. Ct. 788, 97 L. Ed. 1358. The writ of error *coram nobis* "is brought for an alleged error of fact, not appearing upon the record, and *lies to the same court,* in order that it may correct the error, which it is presumed would not have been committed had the fact in the first instance been brought to its notice." Battle, J., in *Roughton v. Brown,* 53 N.C. 393, 394. (Italics ours.) This explanation has been widely adopted, *Ernst v. State,* 179 Wis. 646, 192 N.W. 65, 30 A.L.R. 681; 18 Am. Jur. 2d, Coram Nobis and Allied Statutory Remedies § 2 (1965); 5 Wharton, Criminal Law and Procedure § 2252 (Anderson's Ed. 1957). "Error in fact," however, does not mean that guilt or innocence is an issue in *coram nobis* proceedings. "(I)t is not the purpose of the writ to review evidence presented at the trial." 18 Am. Jur. 2d, Coram Nobis and Allied Statutory Remedies § 8 (1965); see *In re Taylor (I),* 229 N.C. 297, 49 S.E. 2d 749; *In re Taylor (II),* 230 N.C. 566, 53 S.E. 2d 857.

"The writ of error *coram nobis* can only be granted in the court where the judgment was rendered," *State v. Daniels,* 231 N.C. 17, 25, 56 S.E. 2d 2, 7; *accord, Latham v. Hodges,* 35 N.C. 267; 18 Am. Jur. 2d, Coram Nobis and Allied Statutory Remedies § 4 (1965), although under the common law of England it would lie in the king's bench from the court of common pleas, *Casteldine v. Mundy,* 4 B. & Ad. 90, 110 Eng. Rep. 389 (K.B.). When the General Assembly undertook to provide a simpler and more effective post-conviction remedy than the common-law writ for convicted persons who, through no fault of their own, had suffered substantial and unreviewed deprivations of constitutional rights in the original trial, it extended the jurisdiction of the Superior Court to one county, Wake, in addition to that in which the conviction took

place. By Sess. Laws of 1959, ch. 21, however, the legislature struck out the reference to Wake County and thereby limited jurisdiction under the Act to the Superior Court in which a prisoner was convicted. The applicable provision of G.S. 15-217 now reads: "The proceeding shall be commenced by filing with the clerk of the superior court of the county in which the conviction took place, a petition with a copy thereof, verified by affidavit." The section also requires the prisoner to serve another copy upon the solicitor "who prosecutes the criminal docket of the superior court of the county in which said petition is filed." Without any doubt this change was dictated by the same considerations which limit relief in common-law *coram nobis* proceedings to the court in which the original error was committed.

In the county of conviction are to be found the records of the trial which the prisoner attacks, as well as the court officials and other persons likely to have any knowledge of the truth or falsity of the prisoner's allegations that he suffered a substantial denial of his constitutional rights. If entries in the minutes are to be corrected or judgments vacated, manifestly this should be done in the county where they are required to be kept. "A writ of that kind *(coram nobis)* can be had only when allowed by the court where the record is. . . ." *Williams v. Edwards*, 34 N.C. 118, 119. The solicitor who prosecuted the prisoner or the solicitor's successor in office has the duty to represent the State and to defend the constitutionality of the trial if, in fact, there has been no violation of the prisoner's constitutional rights. He has a duty, as well, to see that the trial judge, the original defense counsel, and the prosecuting attorney are not misrepresented and falsely accused of malfeasance in office. Too many prisoners these days apparently believe they have nothing to lose and everything to gain by making any charge which has ever been successfully employed by another prisoner, regardless of whether there is any truth in it. Of course, it goes without saying that, if the solicitor has reason to believe that a prisoner's constitutional rights have been violated, he owes equal duties to the prisoner and to the State to disclose that fact to the Court, for "the government wins its case when justice is done." It would be utterly unreasonable and impose an undue obligation to require the solicitors of Mitchell, Haywood, or Henderson counties to attend post-conviction hearings in Guilford and other counties outside their districts.

The answer to the first question posed by this appeal is, No.

That portion of the judgment which purported to vacate sentences imposed upon the prisoner in Henderson, Haywood, and Mitchell counties is reversed. The prisoner may, upon a proper petition, filed with the Clerk of the Superior Court of each of these counties, obtain a review of the proceedings which resulted in his sentence there. *State v.*

*Johnson,* 263 N.C. 479, 139 S.E. 2d 692. Incidentally, it was curious procedure for the prisoner to move for a change of venue in the county to which he sought removal.

We now come to the second question: Did his Honor err in vacating the prisoner's partially served Guilford County sentence without ordering a new trial upon the original bill of indictment? The answer is, Yes.

Upon Judge Latham's finding that the prisoner was *inops consilii* at the time of this trial for armed robbery in Guilford County, which trial resulted in sentence (3), he properly vacated that sentence. *State v. Goff,* 263 N.C. 515, 139 S.E. 2d 695. The prisoner was not, however, thereby relieved of the charge contained in the bill of indictment in Case No. 1617. The effect of Judge Latham's order was to vacate the entire sentence, not merely the unserved portion. The prisoner is entitled to a new trial, but it will be "a re-trial of the whole case, verdict, judgment, and sentence." *State v. White,* 262 N.C. 52, 54, 136 S.E. 2d 205, 206, *cert. den.* 379 U.S. ......, 85 S. Ct. 726, 13 L. Ed. 2d 707; *accord, State v. Slade, ante,* 70, 140 S.E. 2d 723; *State v. Anderson,* 262 N.C. 491, 137 S.E. 2d 823; *State v. Williams,* 261 N.C. 172, 134 S.E. 2d 163. Furthermore, when the judge vacated the sentence, he should have ordered a new trial. *State v. Goff, supra.* "Failure to appoint counsel goes only to due process, and not to the guilt or innocence of the accused. In no event could he obtain more than a vacation of the judgments against him and a restoration of the indictments to the docket of trial." Stacy, C. J., *In re Taylor (I), supra* at 302, 49 S.E. 2d at 752. If, upon his second trial, the prisoner is again convicted, the matter of punishment will be for the trial judge. Should he think, as Judge Latham apparently did, that the prisoner has served time enough, he can sentence him accordingly. A new trial, however, carries hazards, as well as benefits.

This proceeding is remanded to the Superior Court of Guilford County, with directions that the indictment against the prisoner for armed robbery (Docket No. 1617) be restored to the trial docket and that the solicitor proceed promptly to re-try the prisoner or otherwise, as necessity may require, dispose of the case. That part of the judgment vacating the Guilford County sentence is affirmed, subject to the modification hereinabove specified.

Reversed in part —

Modified and affirmed in part.